[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2011
JOHN LEY
CLERK

No. 10-13502
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00019-LC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ANDREW MUSGROVE,
a.k.a. Ricky,
a.k.a. Starchild,

Defendant - Appellant

_____

No. 10-13582
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00019-LC-2

UNITED STATES OF AMERICA,

                                           Plaintiff - Appellee,

                        versus

MUHAMMAD SHAKEIN WILLIAMS,
a.k.a. Moe,
a.k.a. Lodge,

                                    Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(May 11, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

James Andrew Musgrove and Muhammad Shakein Williams appeal their 240-month sentences for conspiracy to distribute and possession with intent to distribute cocaine. Musgrove argues that the district court erred in denying his 28 U.S.C. § 455(a) motion to disqualify the district court judge. He also contends that his sentence is substantively unreasonable because (1) there is an unwarranted disparity between his sentence and the lower sentences that three similarly situated

defendants received, (2) the district court improperly considered the fact that it previously had sentenced Musgrove for a similar offense, and (3) the court clearly erred in finding that he was the "leader" or "main distributor" of the conspiracy. Williams contends that his sentence is substantively unreasonable because of an unwarranted disparity between his sentence and the lower sentences that five similarly situated defendants received, and because the district court placed undue emphasis on his extensive criminal history. For the reasons set forth below, we affirm.

## I.

Musgrove and Williams were charged with (1) conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii), and 846; and (2) possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). Musgrove filed a motion to disqualify the trial court judge, pursuant to 28 U.S.C. § 455(a), asserting that there was an appearance of bias because the judge had presided over a previous trial that resulted in Musgrove's conviction for conspiracy with intent to distribute cocaine. The district court denied the motion and both Musgrove and Williams pled guilty.

3

According to the presentence investigation reports ("PSIs"), several individuals implicated Musgrove and Williams as being involved in a multi-kilogram cocaine distribution enterprise. Dennis Gibbons advised law enforcement officers that he purchased a total of six kilograms of cocaine from Musgrove and approximately six grams of cocaine base from Williams. Three other individuals also informed law enforcement officers that they had purchased powder cocaine and cocaine base from Musgrove. Informants working with law enforcement conducted four controlled buys, during which they purchased a total of 99.17 grams of powder cocaine and 54.7 grams of cocaine base from Musgrove and 56.7 grams of powder cocaine from Williams. The conspiracy involved a total of 16,075 grams of powder cocaine and 615 grams of cocaine base.

Musgrove's total offense level was 31 and his criminal history category was IV, resulting in a guideline imprisonment range of 151 to 188 months. Williams had a total of 37 criminal history points, which placed him in criminal history category VI. Based on his total offense level of 34 and his criminal history category, Williams's guideline imprisonment range was 262 to 327 months. However, both Musgrove and Williams were subject to 21 U.S.C. § 841(b)(1)(A)'s mandatory minimum term of life imprisonment. Pursuant to U.S.S.G. § 5G1.1, the statutory minimum replaced the otherwise-applicable guideline range.

Prior to sentencing, the government submitted motions, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, advising the court that both Musgrove and Williams had cooperated with authorities and provided substantial assistance.

At Musgrove's sentencing hearing, Musgrove noted that three individuals who had made statements against him had been convicted and sentenced based on their involvement in related cases. He provided the court with copies of the § 5K1.1 motions filed on behalf of Marcus Allen Lovett, James Lashawn Campbell, and Johnny Williams, as well as the district court docket sheets from each of their cases. These documents showed that Lovett pled guilty to (1) conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine and (2) possession with intent to distribute more than 50 grams of cocaine base, and was sentenced to a total of 120 months' imprisonment. Campbell pled guilty to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, and was sentenced to 60 months' imprisonment. Johnny Williams pled guilty to (1) conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and (2) possession with intent to distribute more than 500 grams of cocaine, and was sentenced to a total of 150 months' imprisonment.

The court noted that, although it had not sentenced Campbell, it was familiar with the circumstances surrounding Campbell's conviction and sentence. It pointed

out that, although Campbell was held responsible for the entire drug quantity involved in the conspiracy, the evidence had shown that he had not been involved in the conspiracy to the same extent as Williams or Musgrove, who was "the leader of this operation." Musgrove noted that his PSI described him and Williams as "equal participants" in the conspiracy and did not include a leadership-role enhancement. The court clarified that it was "not talking about the legal meaning in the [PSI, but rather] . . . the nature of the operation, how much was distributed. [Musgrove] was the main distributor, not that it meets the legal [definition], perhaps."

Musgrove personally addressed the court, and the court noted, "[w]e've been through this before, you and me, I think." It found that the PSI was accurate and sentenced Musgrove to 240 months' imprisonment with respect to each count, to run concurrently. The court explained that the significant deviation from the guideline term of life imprisonment was based upon the government's substantial assistance motion, and it stated that it had considered the 18 U.S.C. § 3553(a) factors as well as the advisory guidelines and determined that the sentence was reasonable and necessary.

At Williams's sentencing hearing, Williams asked the court to consider his culpability in relation to other participants in the conspiracy, as well as the sentences that his co-conspirators had received. He asked the court to consider a sentence

6

"toward the lower end of the people who have been sentenced rather than the higher." The court noted that Williams had 37 criminal history points, which was the highest total that it had seen. Williams noted that many of his prior offenses were committed when he was a juvenile, although he acknowledged that he had a "very extensive criminal history and for many serious crimes and convictions."

The court found that the PSI was accurate and sentenced Williams to 240 months' imprisonment on each count, to run concurrently. The court stated that the significant variance from the guideline range of life imprisonment was justified by Williams's substantial cooperation. It stated that it had considered the § 3553(a) factors, as well as the advisory guidelines in concluding that the sentence was reasonable and sufficient.

The record on appeal includes the criminal judgments of Jose Guadalupe-Gutierrez and Jesus Manuel Clark-Castaneda, each of whom were convicted of (1) conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and (2) possession with intent to distribute 500 grams or more of cocaine. Guadalupe-Gutierrez was sentenced to 120 months' imprisonment, and Clark-Castaneda was sentenced to 136 months' imprisonment.

## II.

Although Musgrove argues in his initial appellate brief that the district court erred in denying his 28 U.S.C. § 455(a) motion to disqualify, he concedes in his reply brief that this issue was not preserved for appellate review. We have held that "a defendant waives his right to appeal the denial of a § 455(a) motion by entering an unconditional guilty plea." *United States v. Patti*, 337 F.3d 1317, 1320-21 (11th Cir. 2003). Accordingly, Musgrove's unconditional guilty plea waived his right to appeal the denial of his motion to recuse.

**III.**

We review a defendant's sentence for reasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Under the abuse-of-discretion standard, we will reverse only if the district court made a clear error of judgment. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

To determine whether a sentence imposed is substantively reasonable, we consider the factors set forth by Congress in 18 U.S.C. § 3553(a). *Pugh*, 515 F.3d at 1188-89. These factors include the history and characteristics of the defendant,

the need for a sentence to promote respect for the law, the need for deterrence, the need to protect the public from further crimes of the defendant, and "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)-(2), (6). We "will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (quotation omitted).

Musgrove and Williams have failed to establish that there was an unwarranted disparity between their sentences and the sentences of their co-conspirators because they have not shown that they were similarly situated to the co-conspirators. *See United States v. Spoerke,* 568 F.3d 1236, 1252 (11th Cir. 2009) (explaining that sentencing disparities are not "unwarranted" if the individuals being compared are not similarly situated); *Talley*, 431 F.3d at 788 (noting that the burden is on the appellants to show that their sentences are unreasonable). First, Musgrove and Williams were charged with (1) conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base and (2) possession with intent to distribute 50 grams or more of cocaine base. Campbell was convicted of only one

count—conspiracy to distribute and possess with intent to distribute 5 or more kilograms of cocaine. Lovett and Johnny Williams each were charged with a conspiracy count as well as a possession count, but their offenses involved smaller drug quantities. Specifically, Lovett's conspiracy charge involved 500 grams or more of cocaine, whereas Musgrove's and Williams's conspiracy charge involved 5 or more kilograms of cocaine and 50 grams or more of cocaine base. Johnny Williams's conspiracy charge involved 5 or more kilograms of powder cocaine, but neither of his charges involved cocaine base. Furthermore, there is no evidence in the record detailing the nature and extent of Campbell's, Lovett's, or Johnny Williams's criminal history.

It does not appear that Williams submitted to the district court any information regarding Guadalupe-Gutierrez's or Clark-Castaneda's sentences. Nevertheless, he has failed to show on appeal that he was similarly situated to either Guadalupe-Gutierrez or Clark-Castaneda, whose convictions involved only powder cocaine. The only evidence that Williams submits with respect to Guadalupe-Gutierrez and Clark-Castaneda are their judgments of conviction. There is no evidence regarding their criminal histories or applicable guideline ranges. Accordingly, Musgrove and Williams have failed to show that their sentences resulted in unwarranted disparities.

10

The district court also did not err in considering that the fact that it previously had sentenced Musgrove for a similar offense. Musgrove's prior offense was a fact that the district court was permitted to consider, regardless of the judge that presided over his prior trial and sentencing. *See* 18 U.S.C. § 3661 (providing that a sentencing court may consider any "information concerning the background, character, and conduct" of a defendant). In fact, the nature of Musgrove's prior offense was relevant to several § 3553(a) sentencing factors, which sentencing courts are required to consider. *See* 18 U.S.C. § 3553(a)(1)-(2) (instructing sentencing courts to consider "the history and characteristics of the defendant," the need "to promote respect for the law," and the need "to afford adequate deterrence").

Next, although the district court initially described Musgrove as a "leader" of the conspiracy, it acknowledged that Musgrove was not a leader in the sense that he should receive a role enhancement, and it did not apply a role enhancement. Furthermore, the court did not clearly err by stating that Musgrove was the "main distributor" of cocaine. This comment was made during a discussion of Musgrove's relative culpability in comparison to Campbell. As discussed above, Campbell was convicted of only one count, which involved a smaller drug quantity. Based on this fact alone, the district court did not clearly

11

err in determining that Musgrove was more culpable than Campbell. Finally, even if the district court's comment was construed to mean that Musgrove was the "main distributor" in the charged conspiracy, this finding would not be clearly erroneous. The PSI listed four individuals to whom Musgrove sold cocaine. Musgrove sold kilogram quantities to three of these individuals. In contrast, the PSI indicated that Williams, the only other charged co-conspirator, directly sold only six grams of cocaine base and 56.7 grams of powder cocaine. In light of these facts, the district court did not clearly err in finding that Musgrove was the "main distributor."

Finally, Williams argues that the district court "over-stressed" his prior criminal history. Section 3553(a) instructs sentencing courts to consider a defendant's history and characteristics, as well as the need to promote respect for the law, deter future criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(1)-(2). Williams's lengthy criminal history was relevant to all three of these factors and, in light of the severity and extent of his criminal history, the district court did not clearly err in according significant weight to his criminal history.

Musgrove and Williams have failed to show that their 240-month sentences, which resulted from a significant downward variance from their guideline terms of

life imprisonment, were substantively unreasonable.  Accordingly, we affirm their

sentences.

    **AFFIRMED.**